# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV386-C

| | |
|---|---|
| CHERYL D. DOSS,  )<br>  )<br>　　　　Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>HARTFORD LIFE INSURANCE  )<br>COMPANY,  )<br>  )<br>　　　　Defendant.  )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss Plaintiff's Second Claim for Relief" (document #12) and "Memorandum ... in Support ..." (document #13), both filed November 7, 2005; and the Plaintiff's "Response ..." (document #14) and "Memorandum ... in Opposition ..." (document #15), both filed December 7, 2005. On December 19, 2005, the Defendant filed its "Reply ..." (document #16).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendant's Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' "Motion to Dismiss" be <u>granted</u>, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action to recover long term disability benefits, attorney fees, and expenses pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, <u>et. seq.</u> ("ERISA").

Accepting the allegations of the Complaint as true, from July 23, 1998 through September 10, 2003, the Plaintiff Cheryl D. Doss was employed by Novant Health, Inc., a health services

company located in Charlotte, North Carolina, and was a participant in Novant's employee benefit plan ("the Plan"), including a long term disability ("LTD") insurance policy issued, administered, and funded by the Defendant Hartford Life Insurance Company.

The Plaintiff alleges that on September 10, 2003, she became unable to work due to "a combination of both physical and mental impairments that became progressively worse." Complaint at 2 (document #1).[1]

Subsequently, the Plaintiff submitted an application for LTD benefits which Hartford denied. The Plaintiff pursued her administrative remedies, but on July 25, 2005, Hartford issued a final denial of her claim.

On September 9, 2005, the Plaintiff filed her Complaint, alleging two ERISA claims: (1) for LTD benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B)), and (2) for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)). Although she has alleged two claims, the only relief the Plaintiff seeks is "[LTD] benefits under the terms of the Plan ... [and] reasonable attorney fees and expenses." Document #1 at 4.

On November 7, 2005, the Defendant filed its "Motion to Dismiss Plaintiff's Second Claim for Relief," contending that where as here, an ERISA plaintiff has a claim for denial of benefits under Section 502(a)(1)(B), a claim for breach of fiduciary duty under Section 502(a)(3) is duplicative and must be dismissed.

The Defendant's Motion to Dismiss has been fully briefed as set forth above and is, therefore, ripe for disposition.

---

[1] The Plaintiff alleges that she has been found "disabled" by the Social Security Administration, as that term of art is used in conjunction with claims for Social Security disability benefits.

## II. DISCUSSION

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

Concerning the Plaintiff's breach of fiduciary duty claim, ERISA § 502(a)(3) provides plan beneficiaries the ability to seek an injunction "or other appropriate equitable relief." As the Defendant points out in its briefs, however, it is well settled that where a Plaintiff has available to her other adequate relief under ERISA, such as a claim for benefits under Section 502(a)(1)(B), a

breach of fiduciary duty claim brought under Section 502(a)(3) is duplicative and must be dismissed. Accord Varity Corp. v. Howe, 516 U.S. 489, 515 (1966) ("subsection (a)(3) is intended to function as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy ... where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for [a Section 502(a)(3) claim], in which case such relief normally would not be appropriate"); Nechis v. Oxford Health Plans, 421 F. 3d 96, 103 (2nd Cir. 2005) (applying Varity Corp., Section 502(a)(3) breach of fiduciary duty claim properly dismissed where plaintiff also had Section 502(a)(1)(B) claim for unpaid benefits); Coyne & Delaney Co. v. BCBS of Va., 102 F.3d 712, 715-16 (4th Cir. 1996) (same); Wald v. South Western Bell Corp. Customcare Medical Plan, 83 F.3d 1002, 1006 (8th Cir. 1996) (same); Hoyle v. Liberty Life Assurance Co., 291 F. Supp. 2d 414, 418 (W.D.N.C. 2003) (applying Varity Corp. and dismissing Section 502(a)(3) claim where plaintiff also pled unpaid benefits claim); Wertheim v. Hartford Life Ins. Co., 268 F. Supp. 2d 643, 658 (E.D.Va. 2003) (same); Dunbar v. Orbital Sciences Corporation Group Disability Plan, 265 F. Supp. 2d 572, 588 (D. Md. 2003) (same); Coffman v. Metropolitan Life Ins. Co., 138 F. Supp. 2d 764, 765 (S.D.W.Va. 2001) (same); and Joyce v. Curtiss-Wright Corp., 992 F. Supp. 259, 270 (W.D.N.Y. 1997) (warns against using breach of fiduciary duty claims for "repackaging" benefits claims).

Indeed, in Hoyle, this Court specifically came to that conclusion:

The Supreme Court has held that while [ERISA § 502(a)(3)] encompasses a claim for individualized relief for breach of fiduciary duty obligations, the structure of § 502 makes clear that subsection (a)(3) is intended to function as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy. <u>Where, therefore, Plaintiff seeks a remedy for the wrongful denial of benefits under ERISA, Section 502(a)(1)(B) provides that remedy and she may not pursue a claim for breach of fiduciary duty under § 502(a)(3) related to the alleged wrongful denial of benefits, either in addition to a clam for benefits or as her sole remedy</u>.

291 F. Supp. 2d at 417 (emphasis added), citing Varity Corp., 516 U.S. at 515.

Accordingly, where the Plaintiff alleges only that the Defendant denied her application for LTD benefits and she has pled a claim for denial of benefits under Section 502(a)(1)(B), the undersigned will respectfully recommend that the Defendant's Motion to Dismiss her breach of fiduciary duty claim be granted.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss Plaintiff's Second Claim for Relief" (document #12) be **GRANTED** and that the Plaintiff's breach of fiduciary duty claim be **DISMISSED WITH PREJUDICE**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

**Signed: December 21, 2005**

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge